UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
GERMANTOM INTERNATIONAL GMBH,

            Plaintiff,

         -v-

EPOCH MEDIA GROUP, LLC,

            Defendant.
------------------------------------------------------------ x

**ORDER**

19 Civ. 10306 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Germantom International GmbH ("Germantom") moves to replace Defendant Epoch Media Group, LLC ("Epoch Media") with Epoch Group Inc. d/b/a Epoch Media Group ("Epoch Group") and to file an amended complaint. ECF No. 18. Germantom's motion is granted.

      Plaintiff filed suit against Epoch Media in November 2019 alleging a breach of contract. ECF No. 1. On December 20, 2019, I dismissed the original complaint for lack of subject matter jurisdiction because Germantom failed to allege the citizenships of the members of Epoch Media, but granted Plaintiff leave to re-file within thirty days. ECF No. 13. At some point thereafter, Plaintiff's counsel allegedly realized that Epoch Media was the incorrect defendant. Rather than re-file, in February 2020, Germantom commenced a second action in civil case 20-cv-918, this time, naming Epoch Times Inc., et. al ("Epoch Times"), as the defendant. Epoch Times moved to dismiss the second action for insufficient service of process. On January 12, 2021, I dismissed the second action as duplicative of this case and stated that any substitution or additions of parties must be made by motion pursuant to Rule 20, Fed. R. Civ. P. in the current action. ECF No. 15. I granted Plaintiff leave to effectuate proper service on

existing and any additional parties, by February 19, 2021, or to obtain consent from defendant to accept service.  *Id.*

On February 16, 2021, Germantom filed the instant motion for joinder, seeking to replace Epoch Media with Epoch Group as the correct defendant and for leave to amend its Complaint accordingly.  Defendant opposes joinder and requests that I dismiss this action *sua sponte* with prejudice pursuant to Fed. R. Civ. P. 41, as Germantom failed to effectuate both service of process upon the Secretary of State of New York as well as direct service of process service.

I find that service of process was properly effectuated.  "Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Inc. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Under Fed. R. Civ. Pro. 4(h)(1)(B), service of process on a limited liability company may be made by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process or by state law.  *See Crawford v. US Sec. Assoc.*, 2020 US Dist. LEXIS 3562 (SDNY 2020).  Under federal and New York law, "the law does not require that the process server make a factually accurate determination of the status of the person who is served, but rather that service be "made in a manner which, viewed objectively, was calculated to give the corporate defendants fair notice of the legal proceedings against them."  *Nationwide Mut. Ins. Co. v. Kaufman,* 896 F. Supp. 104, 108–09 (E.D.N.Y. 1995).

Defendant argues that the service of process upon the Secretary of State of New York was defective, as Germantom's process server "did not serve two copies of the summons and complaint as required, did not tender the service fee of $40.00 to Ms. Dougherty, utterly

failed to describe her . . ., and failed to set forth the statutory basis for either alleged service."
Opp Br. 9, ECF No. 26. "To achieve service, section 306 (b) requires personal delivery to the
Secretary of State of duplicate copies of the summons and complaint, together with the statutory
fee." *Strong v. Bi-Lo Wholesalers*, 265 AD2d 745 (3d Dept 1999). NY Business Limited
Liability Company Law §303(a) also provides that "[s]ervice of process on the secretary of state
as agent of a domestic limited liability company or authorized foreign limited liability company
shall be made by personally delivering to and leaving with the secretary of state or his or her
deputy, or with any person authorized by the secretary of state to receive such service, at the
office of the department of state in the city of Albany, duplicate copies of such process together
with the statutory fee, which fee shall be a taxable disbursement." Here, Plaintiff has provided
an affidavit from the process server, as well as receipts from the Secretary of State dated
February 12, 2021, which confirm that service was accomplished. The Declaration of the
process server states that process was served on Ms. Nancy Dougherty, Business Specialist 2,
Secretary of State, with an address at 99 Washington Avenue, Albany, New York 12231.
Specifically, the Process Server hand-delivered two duplicate copies to Ms. Dougherty, paid the
mandatory statutory fee of forty dollars ($40), and filled out a payment form for the fee.
Ramirez Decl. ¶ 7, ECF No. 39. Plaintiff also provided the receipt for service of process for
Epoch Media, which states:

- Date of Service: 02/12/2021
- Cash #: 202103120156; Fee Paid: $40 – CHARGE
- Service was directed to be made pursuant to: SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW
- Party Served: Epoch Media Group, LLC
- Plaintiff/Petitioner: Germantom International GmbH
- Service of Process Address: Mindy Goldberg, 435 Hudson Street, 3rd Floor, New York, NY 10014
- Secretary of State by Nancy Dougherty

ECF No. 39-2.  Similarly, the Receipt for Service for Epoch Group states:

- Date of Service: 02/12/2021
- Cash #: 202103120152; Fee Paid: $40 – CHARGE
- Service was directed to be made pursuant to: SECTION 306 OF THE BUSINESS CORPORATION LAW
- Party Served: Epoch Group Inc.
- Plaintiff/Petitioner: Germantom International GmbH
- Service of Process Address: John Tang, 229 W. 28th Street, Floor 6, New York, NY 10001
- Secretary of State by Nancy Dougherty

ECF No. 39-3.  These receipts clearly show that process was properly effectuated under New York Law on February 12, 2021.  *See* NY Business Limited Liability Company Law §303(a) ("service of process on such limited liability company shall be complete when the secretary of state is so served"); *Perkins v. 686 Halsey Food Corp.,* 36 A.D.3d 881, 829 N.Y.S.2d 185 (2007).  Because I find that service was properly effectuated on the NYSOS, I need not determine whether Plaintiff's direct service of process on Defendant's receptionist was proper.

Plaintiff also moves for legal fees, arguing that Defendant is filing unnecessary motions in bad faith to delay the lawsuit, and suggesting that Defendant has repeatedly attempted to evade service of process by refusing to direct the process server to someone who could accept service.  While I decline to grant attorney's fees, the parties are cautioned that any attempt to unnecessarily delay this litigation or any bad faith conduct will not be tolerated and may result in fees or other appropriate sanctions.

In conclusion, Plaintiff's motion for leave to amend the complaint and for joinder is granted.  Oral argument, currently scheduled for July 1, 2021, is cancelled.  Plaintiff shall file an amended complaint with the reformed caption within one week of this order.  The Clerk is instructed to terminate Epoch Media Group, LLC as a defendant and to substitute Epoch Group

Inc. d/b/a Epoch Media Group as the correct defendant. The Clerk shall terminate the open motion, ECF No. 18.

                SO ORDERED.
Dated:        June 28, 2021         _____/s/ Alvin K. Hellerstein_____
                New York, New York      ALVIN K. HELLERSTEIN
                                              United States District Judge