UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
GERMANTOM INTERNATIONAL GMBH,  :
                            Plaintiff,  :
-against-  :

EPOCH GROUP INC. D/B/A EPOCH MEDIA  :
GROUP,  :
                           Defendant.  :
------------------------------------------------------------- x

**<u>ORDER AND OPINION DENYING MOTION FOR SUMMARY JUDGMENT</u>**

19 Civ. 10306 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The instant dispute arises out of an agreement between Defendant Epoch Media Group, LLC ("Defendant" or "Epoch Group") and Germantom International GmbH ("Plaintiff" or "Germantom"). Plaintiff brings suit against Defendant, seeking monetary damages for breach of contract and promissory estoppel. Having conducted discovery, Defendant now moves for summary judgment absolving it of liability. *See* Motion for Summary Judgment, ECF No. 60. The record shows that questions of fact remain. Because Defendant, as movant, has failed to meet its initial burden on summary judgment, the motion is denied.

## BACKGROND

      The undisputed facts are as follows.[1] Defendant is engaged in the business of providing digital and print advertising in media outlets affiliated with Defendant. Plaintiff, a German corporation, is in the business of operating online storefronts selling goods provided by third-party vendors. On May 16 2017, John Tang (owner of Epoch Group) and Harald Wayer (owner of Germantom) signed an agreement ("Cooperation Agreement"), originally drafted by

---

[1] Plaintiff did not submit a compliant counterstatement with its opposing papers. *See* S.D.N.Y. Ct. R. 56.1(b), (c). I therefore draw the facts from Defendant's Rule 56.1 Statement of Material Facts (ECF No. 65) to the extent that those facts are supported by the record.

1

Mr. Wayer and translated into English by his son, pursuant to which Defendant agreed to advertise Plaintiff's products. (ECF No. 1-6). The Cooperation Agreement provided, in relevant parts:

> Section 1 (Basis of the contract): Epoch Media Group manages the brands Epoch Times Newspapers and Website, Youmaker, and NTD Television. Currently, Epoch Media Group has around 300 million unique visitors consisting of readers and NTD Internet TV viewers. On a monthly basis Epoch Media Group records over one billion page views. With consent of all internal parties of Epoch Media Group and its related brands, Mr. John Tang concludes the following agreement with Mr. Harald Wayer.
>
> Epoch Media Group's motivation to conclude this agreement is to increase significantly its current income from sale of advertisements through a success-oriented advertising system in cooperation with Mr. Harald Wayer. This means in particular, that Epoch Media Groups contact to millions of consumers should be capitalized economically and seriously according to the following:
>
> Section 5: In return for receiving 33 percent[2] of income before taxes during the entire contract period, Epoch Media Group provides German Tom within its media group and branches accurate advertising for the brand German Tom and for all its products in stock.
>
> Section 7: GermanTom will independently strive for shop products, product novelties, staff, office space, and other necessary investments. Epoch Media does not have to contribute any investments. Epoch Media is only responsible for advertising and press reports according to GermanToms specifications. Any other necessary investment is carried out by German Tom GmbH.

The term for the Cooperation Agreement was six years. After the agreement was executed, Mr. Wayer delayed the launch of Plaintiff's online operations to raise additional capital from investors. On March 7, 2018, the parties signed a supplementary agreement ("Supplementary Agreement") postponing the start date of the Cooperation Agreement from October 1, 2017 to April 1, 2018 and extending the initial term by two years, resulting in a total term of eight years. (ECF No. 1-7).

The Complaint states, and Defendant's Rule 56.1 Statement does not contest, that Defendant did not provide the advertising and marketing services specified in the Cooperation

---

[2] It is undisputed that the parties erroneously neglected to revise "33%" to "50%," consistent with other revisions to the Cooperation Agreement.

2

Agreement. Compl. ¶ 45. Plaintiff filed suit seeking monetary damages, alleging breach of contract and promissory estoppel. Defendant filed a motion for summary judgment to dismiss both claims.

## DISCUSSION

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must "view the evidence in the light most favorable to the party opposing summary judgment[,] . . . draw all reasonable inferences in favor of that party, and . . . eschew credibility assessments." *Amnesty Am. V. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004).

The key inquiry at the summary judgment stage is whether there is a "genuine dispute of *material* fact." Fed. R. Civ. P. 56(a). Critically, "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Therefore, while the parties' submissions in connection with the present motion are rife with factual disputes regarding the events surrounding the Cooperation Agreement and Supplementary Agreement, I consider only those facts which might affect the outcome of the suit under governing law.

I. Breach of Contract Claim

To establish a claim for breach of contract, a plaintiff must show: (1) an agreement, (2) adequate performance by one party, (3) breach by the other party, and (4)

3

resulting damages. *See Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011) (cleaned up); *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008). To establish that an agreement exists, To form a valid contract under New York law, there must be an offer, acceptance, consideration, mutual assent[,] and intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004).

Here, Defendant argues that there was no contract because Epoch Group and Germantom never achieved mutual assent regarding the material terms of the Cooperation Agreement. In particular, Defendant points to the parties' differing understandings of the word "specification," arguing that while Mr. Wayer understood the word to mean that Epoch would supply Germantom with all advertising it demanded, Mr. Tang understood it to mean "ad detail" or "ad placement detail." Mem. in Support, at 11. Defendant additionally argues that the Cooperation Agreement lacked essential terms Epoch Group would need to place advertisements, including the size, number, and frequency of advertisements. Reply Mem., at 7.

Defendant is correct that, for a contract to exist, there must be a meeting of the minds regarding the material terms. *See Missigman v. USI Northeast, Inc.*, 131 F.Supp.2d 495, 506 (S.D.N.Y.2001) ("If a contract is not reasonably settled in its material terms, there can be no legally enforceable contract."). However, in evaluating whether there has been a meeting of the minds, "[t]he totality of parties' acts, phrases and expressions must be considered, along with 'the attendant circumstances, the situation of the parties, and the objectives they were striving to attain.'" *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 378 F. Supp. 2d 377, 389 (S.D.N.Y. 2005) (quoting *Lumhoo v. Home Depot USA, Inc.*, 229 F.Supp.2d 121, 161 (E.D.N.Y.2002)). Additionally, "not all terms of a contract need be fixed with absolute certainty." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007)

4

Construing the evidence in the light most favorable to Germantom, the record demonstrates sufficient evidence for a reasonable jury to conclude that there was mutual assent. The strongest evidence to that effect is the Agreements themselves; Mr. Tang signed the Cooperation Agreement in 2017, and then additionally signed the Supplementary Agreement In 2018. *See Volt Elec. NYC Corp. v. A.M.E., Inc.*, 586 F. Supp. 3d 262, 276 (S.D.N.Y. 2022) ("[T]he best evidence of the parties' intent is what they expressed in their written contract."). The Cooperation Agreement states that "In return for receiving 33 percent of income . . . Epoch Media Group provides German Tom within its media group and branches accurate advertising for the brand German Tom and for all its products in stock." Cooperation Agreement, § 5. The Cooperation Agreement additionally states that "Epoch Media is only responsible for advertising and press reports according to GermanToms specifications." *Id.* § 7. A reasonable jury could certainly find that these provisions demonstrate an intent to be bound. Nothing on the face of either agreement indicates that the documents were intended to serve as mere letters of intent or agreements to agree.

Moreover, Defendant's claim that the parties differed in their understanding of the word "specification" is insufficient to support a conclusion that no reasonable jury could find the existence of mutual assent. The precise meaning of the word "specification" need not have been mutually agreed upon. *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007) ("[A]t some point virtually every agreement can be said to have a degree of indefiniteness," but "parties ... should be held to their promises.") (citation omitted). Additionally, even if the word "specification" were ambiguous, summary judgment would not be appropriate. See *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 528 (2d Cir. 1990) ("Summary judgment normally is inappropriate when a contractual term is ambiguous because 'a

5

triable issue of fact exists as to its interpretation.'") (quoting *Leberman v. John Blair & Co.*, 880 F.2d 1555, 1559 (2d Cir.1989).[3] Accordingly, I find that Defendant has not met its burden to demonstrate that there is no genuine dispute of material fact as to the existence of an enforceable contract.

II. Promissory Estoppel Claim

Under New York law, promissory estoppel has three elements: "a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance." *Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.*, 804 F.2d 787, 793 (2d Cir.1986) (citation omitted).

Defendant's only argument with regard to Plaintiff's promissory estoppel claim is that Germantom has not demonstrated that Epoch Group made a clear and unambiguous promise because the Cooperation Agreement lack clarity as to its material terms. *See* Reply Mem. at 10. For the same reasons described above with regard to the breach of contract claim, the Court finds that genuine disputes of material fact exist as to whether the execution of the Cooperation Agreement constituted a clear and unambiguous promise.[4] Accordingly, Defendant's motion for summary judgment on the promissory estoppel claim must be denied.

---

[3] Summary judgment despite ambiguity in a contract would be appropriate where, "after all the facts alleged to be material to the meaning of an ambiguous contract have been presented, a rational fact-finder could only find for the movant." *Volt Elec. NYC Corp.*, 586 F. Supp. 3d at 277. Those circumstances are not present here. Defendant has not presented sufficient evidence to support a conclusion that no rational fact-finder could find in favor of Germantom.

[4] While a claim for promissory estoppel cannot be predicated on obligations arising out of a valid contract, it is well-established that "plaintiffs may plead the alternative theories of promissory estoppel and breach of contract in the event that the existence of an enforceable contract is not conceded by defendant." *Sabilia v. Richmond*, No. 11 CIV. 739 JPO MHD, 2011 WL 7091353, at *27 (S.D.N.Y. Oct. 26, 2011), report and recommendation adopted, No. 11-CV-739 JPO, 2012 WL 213656 (S.D.N.Y. Jan. 24, 2012).

6

## CONCLUSION

For the reasons provided above, the motion for summary judgment is denied. The Clerk of the Court shall terminate the motion (ECF No. 60). The parties shall appear for a status conference on January 13, 2023, at 10:00 a.m., to further regulate proceedings.

SO ORDERED.

Dated:   November 22, 2022
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge